# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

XAVIER D. DOE,

    Plaintiff,

v.                                        Case No. 19-10364

STATE OF MICHIGAN et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Xavier D. Doe filed an amended complaint challenging the constitutionality of Michigan's Sex Offender Registration Act ("SORA") and seeking declaratory and injunctive relief.[1] Defendants move to dismiss the complaint primarily on the grounds that Plaintiff is a member of the certified class in *Does v. Snyder*, No. 16-13137 ("*Does II*") and as such, he cannot separately litigate his SORA challenges. In response, Plaintiff does not attempt to challenge his status as a member of the *Does II* certified class but rather argues that that *Does II* does not bar his claims because he is seeking broader relief than the *Does II* class, namely relief from the 1999 amendments to SORA. The court has considered and rejected this very argument in *Cain v. Michigan*, No. 19-10243 (E.D. Mich. June 5, 2019). As the court noted in *Cain*, *Does II* has the potential to broadly redefine the requirements of SORA. But independent of the

---

[1] The amended complaint also contained a request to restore Plaintiff's psychology license, but Plaintiff subsequently stipulated to the dismissal of this claim. (ECF No. 24, PageID.1036.)

likely wide-sweeping effect of *Does II*, Plaintiff's complaint must be dismissed because he cannot independently litigate his claims.

Based on his allegations, Plaintiff is a member of the *Does II* class. The court certified the *Does II* class under Federal Rule of Civil Procedure 23(b)(2), which divests class members of the right to opt-out or separately litigate their claims. As the Supreme Court has explained, certification as a mandatory class under Rule 23(b)(2) reduces the risk of class members obtaining inconsistent judgments. *See Walmart-Stores, Inc. v. Dukes*, 564 U.S. 338, 361 (2011). That Plaintiff's claims may slightly differ from the claims being litigated in *Does II* has no impact on his inability to independently litigate the claims he is attempting to bring, especially not while *Does II* is currently pending. Any injunctive relief issued in *Does II* will be binding on Plaintiff, and separately awarding relief to Plaintiff prior to the resolution of *Does II* would circumvent the mandatory nature and purpose of class certification under Rule 23(b)(2). Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss (ECF No. 19) is GRANTED.

                                       S/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: September 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2019, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-10364.DOE.grant.mtd.sora.HEK.docx